Del Mauro, DiGiaimo & Knepper
A Professional Corporation
8 Headquarters Plaza
North Tower
Morristown, New Jersey 07960
(973) 292-2277
Attorneys for Defendant,
Guardian Life Insurance Company of America

By: _____
    Peter J. Heck (PJH-6760)

RECEIVED
SEP 25 2001
AT 8:30...........................M
WILLIAM T. WALSH, CLERK

|  |  |
|---|---|
| ZEV WACHTEL and LINDA WACHTEL, individually and on behalf of their minor son, TORY WACHTEL,<br><br>        Plaintiffs,<br><br>vs.<br><br>GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, PHYSICIANS HEALTH SERVICES, INC. and PHYSICIANS HEALTH SERVICES OF NEW JERSEY, INC.,<br><br>        Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO. 01 CV 4183 |

FILED
SEP 25 2001
AT 8:30................M
WILLIAM T. WALSH
CLERK

**CIVIL ACTION - ANSWER AND SEPARATE DEFENSES TO THE COMPLAINT ON BEHALF OF GUARDIAN LIFE INSURANCE COMPANY OF AMERICA**

    Guardian Life Insurance Company of America ("Guardian Life"), maintaining a principle place of business located at 7 Hanover Square, New York, New York 10004, by way of answer to the complaint filed on behalf of plaintiffs, Zev Wachtel and Linda Wachtel, individually and on behalf of their minor son, Tory Wachtel (hereinafter collectively "Wachtel"), alleges and says:

## FIRST COUNT

1. Guardian Life denies the allegations set forth in paragraph 1 of the complaint, except to admit that plaintiff, Tory Wachtel, was a beneficiary in an "employee welfare benefit plan," as defined by the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, et seq., established and maintained by New Jersey Anesthesia Group, P.A. for the benefit of certain employees, including plaintiff, Zev Wachtel.

2. Guardian Life admits the allegations set forth in paragraph 2 of the complaint.

3. Guardian Life is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of the complaint, and leaves Wachtel to their proofs.

4. Guardian Life is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of the complaint, and leaves Wachtel to their proofs.

5. Guardian Life is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the complaint, and leaves Wachtel to their proofs.

6. Guardian Life is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the complaint, and leaves Wachtel to their proofs.

7. Guardian Life is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the complaint, and leaves Wachtel to their proofs.

8. Guardian Life is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the complaint, and leaves Wachtel to their proofs.

9. Guardian Life is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of the complaint, and leaves Wachtel to their proofs.

10. Guardian Life is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the complaint, and leaves Wachtel to their proofs.

11. Guardian Life denies the allegations set forth in paragraph 11 of the complaint.

## SEPARATE DEFENSES

1. The complaint fails to state a claim upon which relief may be granted.

2. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of waiver.

3. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of laches.

4. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of estoppel.

5. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of unjust enrichment.

6. The causes of action and/or relief sought should be barred and/or precluded by virtue of plaintiffs' ratification, adoption, authorization and/or acquiescence in the actions and/or omissions complained of.

7. The causes of action and/or relief sought should be barred and/or precluded by virtue that the actions and/or omissions complained of were the direct and proximate result of third parties over whom this answering defendant exercised no control.

8. The causes of action and/or relief sought should be barred and/or precluded by virtue of plaintiffs' failure to comply with the terms and provisions of the ERISA governed plan.

9. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of offset and/or recoupment.

10. The causes of action and/or relief sought should be barred and/or precluded by virtue that this answering defendant's determination regarding plaintiffs' entitlement to benefits was reasonable and was neither arbitrary or capricious.

11. The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which ought to be accorded the claim determination.

12. To the extent that plaintiffs purport to seek legal damages, said request should be stricken from plaintiffs' complaint for the reason that said damages are not recoverable under ERISA as a matter of law.

13. Any remedy available for any act or omission by this answering defendant is limited solely to those remedies available under ERISA.

14. Plaintiffs' demand for a jury trial should be stricken pursuant to the terms and provisions of ERISA.

15. The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms, conditions, limitations and exclusions contained in the ERISA plan.

16. The causes of action and/or relief sought should be barred and/or precluded by virtue of the termination of coverage under the policy of group long term disability insurance.

**DEL MAURO, DIGIAIMO & KNEPPER**
A Professional Corporation
Attorneys for Defendant,
Guardian Life Insurance Company of America

By: _____
Peter J. Heck (PJH-6760)

Date: September 25, 2001

Guardian\Wachtel\Answer
4044.104

Del Mauro, DiGiaimo & Knepper
A Professional Corporation
8 Headquarters Plaza
North Tower
Morristown, New Jersey 07960
(973) 292-2277
Attorneys for Defendant,
Guardian Life Insurance Company of America

By: _____
Peter J. Heck (PJH-6760)

| | |
|---|---|
| ZEV WACHTEL and LINDA WACHTEL, individually and on behalf of their minor son, TORY WACHTEL, | : UNITED STATES DISTRICT COURT<br>: DISTRICT OF NEW JERSEY<br>:<br>: CIVIL ACTION NO. 01 CV 4183 |
| Plaintiffs, | : |
| vs. | : |
| GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, PHYSICIANS HEALTH SERVICES, INC. and PHYSICIANS HEALTH SERVICES OF NEW JERSEY, INC., | : |
| Defendants. | : |

## CIVIL ACTION - CERTIFICATION OF MAILING

I, Dawn M. Slayton, am employed by the firm of Del Mauro, DiGiaimo & Knepper, P.C., attorneys for defendant, Guardian Life Insurance Company of America, in the above-captioned matter.

On September 25, 2001, I served true and accurate copies of the within Answer and Separate Defenses to the Complaint on Behalf of Guardian Life Insurance Company of America, together with this Certification of Mailing upon the following, via United Parcel Service:

Barry M. Epstein, Esq.
Sills, Cummis, Radin, Tischman,
Epstein & Gross, P.A.
One Riverfront Plaza
Newark, New Jersey 07102-5400
Attorneys for Plaintiffs,
Zev Wachtel and Linda Wachtel, individually
and on behalf of their minor son, Tory Wachtel

Anthony F. Yacullo, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Attorneys for Defendants,
Physicians Health Services, Inc. and Physicians
Health Services of New Jersey, Inc.

I HEREBY CERTIFY that all of the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: September 25, 2001

Dawn M. Slayton

Guardian\Wachtel\Certification of Mailing 02
4044.104