**NOT FOR PUBLICATION**

RECEIVED
WILLIAM T. WALSH, CLERK
2002 OCT -8 P 4:07
UNITED STATES
DISTRICT COURT
FILED
OCT 10 2002
AT 8:30
WILLIAM T. WALSH
CLERK
M

ENTERED
ON
THE DOCKET
OCT 1 1 2002
WILLIAM T. WALSH, CLERK
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ZEV AND LINDA WACHTEL, *et al.*,

    Plaintiffs

v.

GUARDIAN LIFE INS. CO., *et al.*,

    Defendants.

Civ. Docket No. 01-4183
Hon. Faith S. Hochberg, U.S.D.J.
**ORDER**

Date: October 8, 2002

**HOCHBERG, District Judge:**

This putative class action having come before the Court upon Defendants' motions for summary judgment, Plaintiffs' appeal of Magistrate Judge Chesler's May 21, 2002 Scheduling Order, Defendant Physician Health Services, Inc's motion to dismiss the Amended Complaint, and Plaintiffs' motion seeking leave to file a Second Amended Complaint; and pursuant to Rule 78 of the Federal Rules of Civil Procedure upon review of the pleadings, submissions and proceedings thus far in this mater, and for good cause shown; and

it appearing that Judge Chesler issued an Order dated January 9, 2002 (the "January 2002 Order"), which, among other things: (1) created a revised schedule for the completion of class certification-related discovery in this action, and (2) scheduled a status conference on April 1, 2002, at which time Judge Chesler would set a date for Plaintiffs to move for class certification; and

it appearing that Judge Chesler issued a subsequent Order dated April 24, 2002 (the "April 2002 Order"), which, among other things, postponed the date for establishing a class

certification schedule until a status conference on May 7, 2002; and

it appearing that Plaintiffs were precluded from moving for class certification until a schedule for doing so was established by Judge Chesler; and

it appearing that Plaintiffs moved for class certification on or around April 30, 2002 (the "April 2002 Class Motion"), in contravention of the January 2002 Order; and

it appearing that Judge Chesler signed a Scheduling Order on or around May 21, 2002 (the "May 2002 Order") which struck Plaintiffs' premature April 2002 Class Motion, established a schedule for outstanding discovery (including class certification discovery), and set a date for a subsequent status conference; and

it appearing that the portion of the May 2002 Order striking Plaintiffs' April 2002 Class Motion was within Judge Chesler's authority under the Federal Magistrates Act, 28 U.S.C. § 631 *et seq.* (the "Act")[1] and, accordingly, Plaintiffs' appeal from that Order must be denied; and

it appearing that, on or around May 24, 2002 – after Judge Chesler's May 2002 Order –

---

[1] The Act vests Magistrate Judges with full authority rule on non-dispositive pre-trial matters. See 28 U.S.C. § 636; see also L.Civ.R. 72.1(a)(1); Fed.R.Civ.P. 72(a). The exercise of this authority is particularly appropriate where, as here, the Magistrate's own scheduling order has been disregarded by one of the parties. Judge Chesler's May 2002 Order was clearly "non-dispositive"– it simply struck a motion filed in contravention of the January 2002 Order, but did not purport to dismiss the class allegations in the complaint, affect any of the parties' substantive rights, grant or deny class certification, or preclude Plaintiffs from continuing to press for class certification at the appropriate time. Cf. 28 U.S.C. § 636(b)(1)(A). Indeed, it is clear from the record that both Judge Chesler and the parties contemplated that the class certification issue would be revisited at the close of discovery. The May 2002 Order was entirely appropriate, and was well within Judge Chesler's authority.

Plaintiffs now argue, in hindsight, that Defendants' subsequent attempts to moot this case effectively converted Judge Chesler's otherwise non-dispositive order into an improper, dispositive one. While the Court is not persuaded, it is unnecessary for the Court to address this issue given its ruling – discussed below – denying Defendants' motions for summary judgment on mootness grounds.

Defendant Physicians Health Services, Inc. ("PHS") tendered payment to Plaintiffs in the amount of $32,589.37, which Defendants contend constituted full payment, plus interest, for all of the named Plaintiffs' alleged damages, thereby purportedly mooting both the named Plaintiffs' claims and the entire class action[2]; and

it appearing that the record reflects that Judge Chesler's May 2002 Order was clearly intended accomplish an orderly scheduling of motions to permit adjudication of class certification after full and adequate class discovery had been completed and is thus more akin to an order of stay rather than an order of dismissal;[3] and

---

[2] Existing Third Circuit precedent prescribes dismissal of a class action if the named plaintiff's claims are mooted prior to the filing of a class certification motion. See, e.g., Holmes v. Bethlehem Steel, 213 F.3d 124, 135-36 (3d Cir. 2001). On the other hand, if a class certification motion is pending at the time the named plaintiff's claims become moot, the case may continue. Id.; see also Rosetti v. Shalala, 12 F.3d 1216, 1228-29 (3d Cir. 1993). Not surprisingly, therefore, the parties dispute whether Plaintiffs' class certification motion was pending on May 24, 2002, the date PHS tendered its payment.

The proposition that a defendant can moot a class action by mooting the named plaintiffs' claims before the filing of a class certification motion was at the heart of the Third Circuit's recent panel decision in Colbert v. Dymacol, 302 F.3d 155 (3d Cir. 2002). The Dymacol panel held that the defendant's pre-class certification Offer of Judgment for the maximum relief available to the plaintiff mooted the entire action and stripped the federal courts of Article III jurisdiction. See id. at 156-57. The panel's decision in Dymacol was, however, recently vacated pending hearing by the Third Circuit *en banc*. See Colbert v. Dymacol, --- F.3d ---, 2002 WL 31194318 (3d Cir. Oct. 3, 2002). Thus, the position of the Third Circuit on this issue is in a state of flux. Given this Court's disposition, however, it is unnecessary for the Court to rely upon the general principle re-articulated in Dymacol. Were the Dymacol issue to have been dispositive of the instant motions, however, the Court would have awaited guidance from the entire Third Circuit.

[3] The following colloquy on the record between Judge Chesler and Plaintiffs' counsel makes this intent clear:

> [PLAINTIFFS' COUNSEL]: ... And with -- but because the Court's intention was to permit a little more discovery to take place, which is what I think Your Honor had in mind, and had the intention for that motion for class certification to

3

it appearing that, under these circumstances, Plaintiffs retain a personal stake in the outcome of class certification for Article III purposes[4]; and

it appearing that the exercise of continued federal jurisdiction is therefore entirely appropriate; and

---

<p style="margin-left:2em">basically come back. In other words, it was not a dismissal with prejudice. It was a dismissal as [to] timing, almost a docket control[] matter, which is I think what Your Honor was --</p>

<p style="margin-left:2em">[JUDGE CHESLER]: Not almost.</p>

<p style="margin-left:2em">[PLAINTIFFS' COUNSEL]: -- has indicated</p>

<p style="margin-left:2em">[JUDGE CHESLER]: This is exactly what this -- my decision was.</p>

The Federal Courts have eschewed reliance on labels where the facts underlying a court's order indicate a contrary intention. See, e.g., Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1037 (5th Cir. 1981) (recharacterizing district court opinion which "denied" class certification motion without prejudice to "reassert" it because "an appellate court is not bound by the label a trial court puts on its opinion where the underlying facts or the opinion as a whole indicate that a different action was in fact intended"). This case involves precisely such a situation, as Judge Chesler's colloquy with counsel makes clear.

[4]This conclusion is directly supported by the Eastern District of Pennsylvania's decision in Salter v. Philadelphia Housing Authority, No. Civ. A. 99-1681, 1999 WL 997758 (E.D.Pa. Nov. 2, 1999). In Salter, the plaintiff's motion to certify a class action was denied without prejudice pending further class discovery. Id. at *1. Shortly after the dismissal, the individual plaintiff's claims were mooted. Id. The District Court held that its prior dismissal "did not remove the motion from the court's jurisdiction" for mootness purposes, but merely "postponed a final decision on the motion itself." Id. at *5. Thus, the continued exercise of federal jurisdiction was entirely appropriate, as "a live controversy" existed "as to whether to certify a class action." Id. at *1.

This Court finds the reasoning of the Salter court persuasive. Judge Chesler's May 2002 Order, like the dismissal in Salter, was issued for "purely administrative reasons." Id. at *5 (citing Rosetti v. Shalala, 12 F.3d 1216, 1232 (3d Cir. 1993)). And, as in Salter, the Order effectively postponed resolution of the class certification motion – it did not remove the motion from this Court's jurisdiction or strip away the named Plaintiffs' personal stake in its resolution within the meaning of Article III. See id.

4

it appearing that there are issues of fact precluding this Court from granting PHS's motion to dismiss[5];

**IT IS** on this 8th day of October, 2002

**ORDERED** that Plaintiffs' appeal of Magistrate Judge Chesler's May 2002 Order is

---

[5]Both the Amended Complaint and the proposed Second Amended Complaint are replete with allegations relating to the inadequacy of the data contained in the Prevailing Healthcare Charges System ("PHCS") database used by Defendants in reaching their "reasonable and customary" determinations. (E.g., Am. Compl. ¶¶10-18; 2d Am. Compl. ¶¶11-19). PHS contends in its motion to dismiss that New Jersey regulations compel "small employer carriers" such as PHS to use the allegedly flawed PHCS data. See N.J. Admin. Code tit. 11, § 11:21-7.13(a) ("Reasonable and customary means a standard based on the Prevailing Healthcare Charges System . . . published and available from the Health Insurance Association of America.") Plaintiffs dispute whether Defendants have strictly complied with these regulations as a factual matter. (P's Opp. at 3-5). Thus, while Plaintiffs challenge Defendants' application of the PHCS database in particular instances, they no longer appear to challenge Defendants' use of the database or the adequacy of the data contained therein (id.). However, it is not clear from the Amended Complaint or the documents integral thereto that Defendants are, indeed, the type of "small employer carriers" compelled by New Jersey law to use the PHCS database. Because this turns on issues of fact outside the Amended Complaint, PHS's motion to dismiss is denied without prejudice to Defendants' ability to file an appropriate motion for partial summary judgment. To the extent there is no genuine issue of material fact as to whether Defendants are "small employer carriers" within the meaning of the New Jersey regulations, this Court would be inclined on summary judgment to preclude Plaintiffs from relying upon Defendants' use of PHCS or any alleged insufficiency of the data contained therein. The parties are encouraged to meet and confer to attempt to resolve this issue without the necessity of a partial summary judgment motion.

Plaintiffs vehemently argue that Defendants'$32,589 payment did not moot Plaintiff's claims in their entirety, and have sought leave to file a Second Amended Complaint in order to add additional allegations and claims for damages. Because Plaintiffs' new allegations are unnecessary to this Court's disposition of Defendants' motions for summary judgment, Plaintiffs' motion to file a Second Amended Complaint is dismissed without prejudice. Plaintiffs may renew their motion and seek leave to amend after the parties have met and conferred, as discussed above, and/or after this Court has resolved any partial summary judgment motion directed to the PHCS issue, in order to alleviate any need for a Third Amended Complaint upon resolution of this matter.

**DENIED**[6]; and it is further

**ORDERED** that Defendants' motions for summary judgment are **DENIED**; and it is further

**ORDERED** that Defendant Physician Health Services, Inc.'s motion to dismiss Plaintiffs' Amended Complaint is **DENIED** without prejudice to Defendants' right to seek partial summary judgment; and it is further

**ORDERED** that Plaintiffs' motion seeking leave to file a Second Amended Complaint is **DENIED** without prejudice to Plaintiffs' right to re-file after the parties have met and conferred and/or this Court has addressed any partial summary judgment motion, as discussed above.



Hon. Faith S. Hochberg
United States District Judge

---

[6] Given this Court's disposition of Plaintiffs' appeal of Judge Chesler's May 2002 Order, it is unnecessary to address Defendants' argument that Plaintiffs' appeal was untimely under the Act.