UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WACHTEL, ET AL., | : | |
| | : | |
| Plaintiffs, | : | Civil No. 01-4183(FSH) |
| v. | : | |
| | : | |
| GUARDIAN LIFE INSURANCE, et. al., | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| | : | |
| McCOY, | : | Civil No. 03-1801 (FSH) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | **ORDER APPOINTING SPECIAL MASTER** |
| HEALTH NET, INC. et. al., | : | |
| | : | |
| Defendants. | : | |

This matter having come before the Court on May 10, 2005 at which time defendants advised the Court that they had designated 5,000 documents as privileged or protected from disclosure under the work product rule; and the Court being advised that the plaintiffs intended to challenge the majority of the defendants' designations; and the Court having advised the parties that, given the volume of documents, it may consider the appointment a Special Master; and the Court having considered the letters dated May 18, 2005 and May 20, 2005; and the Court concluding that the submission of claims of privilege/work product protection to a Special Master appointed under Fed. R. Civ. P. 53 is warranted by the expected volume of such claims and challenges and by the likelihood that in camera inspection may be needed to rule on these claims; and the Court concluding that the task of ruling upon such challenges should be accomplished, to the extent possible, by someone other than the judge to whom this litigation has

1

been assigned, and for good cause shown[1],

    IT IS ON THIS 21st day of June, 2005

    ORDERED:

1. Alfred M. Wolin[2] is appointed under Rule 53 as special master for the purpose of considering all claims of privilege and work product protection that have been asserted over documents listed on defendants' privilege log and for such other matters the Court may refer to the Special Master. The Special Master shall be disqualified as a witness in any pending or subsequent litigation concerning the dispute that is the subject of this referral.

2. The Special Master shall have the rights, powers, and duties provided in Rule 53 and may adopt such procedures as are not inconsistent with that rule or with this or other Orders of the Court. Until directed otherwise by the Special Master or the Court, the defendant shall provide the Special Master with a privilege log that identifies the document or other communication sought to be protected from disclosure, including the date, the person making the statement, the persons to whom or in those presence the statement was made, or persons to whom copies of such documents were disclosed, the general subject matter of the communication (unless itself claimed to be privileged), the particular privilege(s), or doctrine(s) upon which protection against disclosure is based, and any other

---

[1] In the discretion of the Special Master, the parties may be required to agree upon categories of documents or samples of documents and be bound by rulings made based upon samplings of documents, which is an approach that the plaintiffs suggested in their portion of the letter dated May 18, 2005.

[2] The parties shall advise the Court and the Special Master of any apparent, potential, or actual conflict of interest no later than **June 30, 2005.**

      circumstances affecting the existence, extent, or waiver of the privilege. When appropriate, the Special Master may require that this documentation of claims of privilege or applicability of the work product rule be verified. The Special Master shall create a record of proceedings, take testimony or obtain submissions, and impose whatever procedures he deems appropriate. No motions may be filed without permission of the Special Master <u>and</u> the Court.

3. No later than **September 13, 2005**, the Special Master shall make findings of fact and conclusions of law with respect to the matters presented by the parties and shall report same to the United States District Judge pursuant to Rule 53(f) as applicable in nonjury actions. Unless directed by the Court or believed advisable by the Special Master, the report shall not be accompanied by a transcript of the proceedings, the evidence, or the exhibits. Such parts of the report, if any, that may be privileged or protected by the work product rule shall be filed under seal pending further Order of the Court and a redacted version of the report shall be provided to the plaintiffs and filed on the public docket.

4. Compensation shall be $600 per hour[3] and shall be paid to the Special Master on a periodic basis by the parties, together with reimbursement for reasonable expenses incurred by the Special Master. The Special Master may employ firm attorneys at a rate of $140 to $250 per hour. Such persons shall be under the supervision and control of the

---

[3]Fees in the amounts of $400-$500 have been approved in other cases. <u>See</u>, <u>e.g.</u>, <u>Smart Parts, Inc. V. WDP Ltd.</u>, No. 02-1557, 2005 WL 35834, at *6 (D. Or. Jan. 7, 2005) (approving $500 per hour); <u>Triple Five of Minn. v. Simon</u>, No. Civ.99-1894, 2003 WL 22859834, at *2 (D. Minn. Dec. 1, 2003) (approving $400 per hour); <u>see also</u> <u>Fund for Accurate & Informed Representation, Inc. v. Werpin</u>, No. 92-cv-283, 1992 WL 512410, at *5 (N.D.N.Y. Dec. 23, 1992) (approving $300 rate for retired Judge Frederick Lacey).

Special Master, who shall take appropriate action to ensure that such persons preserve the confidentiality of matters submitted to the Special Master for review. The compensation shall be split between the parties at this time and be the responsibility of the parties and not the law firms representing them. Final allocation of these amounts shall be subject to taxation as costs at the conclusion of the case at the discretion of the court.

5. The Clerk shall mail a copy of this Order to the Special Master and to counsel for the parties.

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**[4]

---

[4] No party has challenged the authority of a United States Magistrate Judge to appoint a special master to address nondispositive matters and it appears such an appointment is within 28 U.S.C. § 636 and the local rules and supported by the caselaw. See, e.g., Magnus Electronics v. Masco Corp. of Ind., 1986 WL 10061, at *4 (N.D. Ill. Sept. 5, 1986). In any event, the referral has occurred with the concurrence of the United States District Judge.