<u>**NOT FOR PUBLICATION**</u>

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZEV AND LINDA WACHTEL, *et al.*, | Civ. Docket No. 01-4183 |
| | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs | |
| v. | |
| GUARDIAN LIFE INS. CO., *et al.*, | |
| Defendants. | |
| | |
| RENEE MCCOY, individually and on behalf of all others similarly situated, | Civ. Docket No. 03-1801 |
| | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs | **OPINION & ORDER** |
| v. | |
| | Date: May 5, 2006 |
| HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC., and HEALTH NET OF NEW JERSEY, INC. | |
| Defendants. | |

**<u>HOCHBERG, District Judge:</u>**

This Matter comes before the Court upon Defendants' assertion of attorney-client and work product privilege as to testimony taken during the March 17, 2005 evidentiary hearing and attorney-client privilege as to documents submitted *in camera* to the Court on March 18, April 26 and May 18, 2005, and the Court having reviewed the written submissions of the parties pursuant to Fed. R. Civ. P. 78, and the Court having determined that the documents and testimony are

protected by attorney-client and work product privilege[1], and the Court having determined that the attorney-client and work product privileges were not waived.[2]

---

[1]Attorney-client privilege protects from discovery communications from a client to an attorney for the purpose of obtaining legal advice, as long as they were meant to be confidential. *United States v. Rockwell Int'l*, 897 F.2d 1255, 1264 (3d Cir. 1990). The burden of demonstrating the existence of the privilege is on the party asserting it. *In re Grand Jury Investigations*, 599 F.2d 1224, 1235 (3d Cir. 1979). No bright-line rule governs the applicability of the attorney-client privilege, and courts are required to determine the applicability of the privilege on a communication-by-communication basis. *Upjohn Co. v. United States*, 449 U.S. 383, 396-97 (1981).

The Third Circuit has identified the traditional elements of the attorney-client privilege, requiring that the privilege only applies if: (1) the asserted holder of the privilege is or sought to become a client; (2) The person to whom the communication was made (a) is a member of the bar of a court or his or her subordinate and (b) in connection with his communication is acting as a lawyer; (3) The communication related to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) The privilege has been (a) claimed and (b) not waived by the client. *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994) (citing *In re Grand Jury*, 599 F.2d at 1233).

The attorney-client privilege is to be "strictly confined within the narrowest possible limits consistent with the logic of its principle." *In re Grand Jury*, 599 F.2d at 1245. The privilege exclusively protects communications and does not apply to facts. *Id.*; *Upjohn*, 449 U.S. at 395 ("[t]he privilege only protects disclosure of communications; it does not protect disclosure of underlying facts by those who communicated with the attorney"). Furthermore, the privilege "'protects only those disclosures–necessary to obtain informed legal advice–which might not have been made absent the privilege.'" *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1423, n.9 (3d Cir. 1991) (citing *Fisher v. United States*, 425 U.S. 391, 403 (1976)).

The testimony given on March 17, 2005 and the documents submitted for *in camera* review are protected under the doctrines of attorney-client and work product privilege.

[2] One exception to the attorney-client privilege is waiver. The privilege may be waived by the client either expressly, as when a client voluntarily turns over privileged documents, or implicitly, as when the client places otherwise privileged matters in controversy. *See Rhone-Poulenc*, 32 F.3d at 863 (citing an example of "at issue" waiver as asserting reliance on the advice of counsel as an affirmative defense). The key element in "at issue" waiver is that the client has affirmatively put the attorney's advice at issue by disclosing an attorney-client communication. *Id.* Under the doctrine of partial waiver, if a party "discloses a portion of otherwise privileged materials while withholding the rest, the privilege is waived only as to those communications actually disclosed, unless a partial waiver would be unfair to the party's adversary." *Westinghouse*, 951 F.2d at 1426, n.12.

Moreover, when a client makes a *voluntary* disclosure of privileged information to a third

**IT IS** on this 5th day of May, 2006,

**ORDERED** that the portions of the March 17, 2005 testimony given *in camera* after Plaintiffs' attorneys were excused shall remain under seal as privileged attorney-client communications; and it is further

**ORDERED** that the documents submitted to the Court *in camera* on March 18, April 26 and May 31, 2005 shall remain under seal as privileged under the doctrines of attorney-client privilege and work product protection.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

party, including a government entity, the privilege is waived. *Id.* at 1424-25 (rejecting selective waiver, which occurs when a party discloses information to one party and then attempts to assert the privilege as to another party). However, waiver does not occur where a party is compelled by court order to disclose the privileged material because such production is not voluntary. *Bowen v. The Parking Auth. of the City of Camden*, 2002 U.S. Dist. LEXIS 14585, *14-15 (D.N.J. July 30, 2002); *Leonen v. Johns Manville*, 135 F.R.D. 94 (D.N.J. 1990).

Here, the Court finds that Defendants did not place protected attorney-client communications at issue by submitting certain certifications to the Court and finds that Defendants were compelled by the Court to testify on March 17, 2005 and produce specific documents thereafter. Thus, Defendants did not waive their attorney-client privilege.

This Court is not ruling at this time on the crime-fraud exception to the attorney-client privilege and work product doctrine. The Court reserves for determination the question of whether the testimony and documents at issue herein may be subject to disclosure under the crime-fraud exception.