NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ZEV AND LINDA WACHTEL, *et al.*, | ) ) ) | Civ. Docket No.  01-4183 Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs | ) ) |  |
| v. | ) ) |  |
| HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC., and HEALTH NET OF NEW JERSEY, INC. | ) ) ) ) |  |
| Defendants. | ) ) |  |

|  |  |  |
|---|---|---|
| RENEE MCCOY, individually and on behalf of all others similarly situated, | ) ) ) ) | Civ. Docket No.  03-1801 Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs | ) ) ) | **OPINION & ORDER** |
| v. | ) ) ) | Date: August 29, 2006 |
| HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC., and HEALTH NET OF NEW JERSEY, INC. | ) ) ) ) |  |
| Defendants. | ) ) |  |

This matter comes before the Court upon the Plaintiffs' Appeal of Magistrate Judge Shwartz's Order dated September 26, 2005, which precluded Plaintiffs from asserting certain evidentiary arguments at trial that were the subject of Plaintiffs' contemplated *in limine* motions listed in the Final Pretrial Order. The Court has considered the parties' written submissions in accordance with Fed. R. Civ. P. 78.

**Background**

Plaintiffs identified eleven contemplated *in limine* motions in Section 2.A. of the Final Pretrial Order ("FPTO") submitted to the Court. The FPTO stated that all remaining pretrial motions including Daubert and *in limine* motions had to be filed no later than August 8, 2005, and that only the motions listed in the FPTO would be entertained prior to trial. Plaintiffs chose not to file any of their eleven contemplated *in limine* motions, deciding instead to pursue their evidentiary objections as the trial progresses.

On September 8, 2005, Defendants moved the Court to preclude Plaintiffs' objections to certain evidence arguing that they had waived their right to file *in limine* motions and should be estopped from raising the objections listed in Section 2.A. of the FPTO. On September 26, 2005, Judge Shwartz granted Defendants' Motion. She held that because the Plaintiffs did not file their motions *in limine* by the August 8, 2005 deadline, they were deemed to have waived the arguments that were the subject of the *in limine* motions listed in the Final Pretrial Order.

**Legal Standard**

This Court reviews Magistrate Judge Shwartz's Order under the clearly erroneous standard. A magistrate judge's adjudication of a non-dispositive motion will be set aside only if the order is found to be clearly erroneous or contrary to law. *Cipollone v. Liggett Group, Inc.*, 785 F. 2d 1108, 111, 1113 (3d Cir. 1986) *cert. denied*, 484 U.S. 976 (1987) (citing 28 U.S.C. § 636 (b)(1)(A)); *see also* Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c). A magistrate judge's order is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co. of Wis.,* 131 F.R.D. 63, 65 (D.N.J. 1990)

(quoting *United States v. Gypsum Co.*, 333 U.S. 365, 395 (1948)).  To be contrary to law, a magistrate judge's order must have "misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

**Analysis**

Plaintiffs concede that by failing to file their contemplated *in limine* motions listed in the Final Pretrial Order, they are precluded from filing any future motions *in limine*.  Plaintiffs appeal from Judge Shwartz's Order, however, because it went beyond prohibiting *in limine* motions at a later date and concluded that Plaintiffs had waived the arguments that were subject of the *in limine* motions listed in the Final Pretrial Order.  Plaintiffs argue that neither the Final Pretrial Order, nor any other order entered in this case, notified them that failure to file an *in limine* motion listed in the Final Pretrial Order would result in waiver of specific evidentiary objections.  Plaintiffs also contend that they never stated they were foregoing the right to assert evidentiary objections at the time of trial and made no knowing waiver of that right.

Judge Shwartz based her conclusion on the terms of the Final Pretrial Order.  The Final Pretrial Order specifically advised the parties that "NOTE: ALL REMAINING PRETRIAL MOTIONS INCLUDING DAUBERT AND IN LIMINE SHALL BE FILED no later than August 8, 2005 and any response shall be submitted no later than August 22, 2005.  No replies will be permitted without leave of Court.  Only those motions listed herein will be entertained prior to trial." Final Pretrial order, dated September 7, 2005, at 2 (emphasis in original).  Judge Shwartz had set the August 8, 2005 deadline at the May 11, 2005 final pretrial conference and reminded the parties of the deadline at the July 11, 2005 final pretrial conference.

Judge Shwartz explained that she set these deadlines so that this Court could be prepared

to address *in limine* issues in advance of trial and that setting such deadlines is within the Court's authority to manage cases under Fed. R. Civ. P. 16. She reasoned that "failure to file such a [*in limine*] motion would communicate to the Court and counsel that a party did not wish to pursue, and thereby waived, making a particular argument or objection." September 26, 2005 Order at 1, n.1. She went on to explain that "[t]o allow the adverse party to raise such an issue without complying with the deadline would prejudice the adverse party and impede the ability of the Court to prepare for and confront objections or requests to bar testimony and evidence." Id.

     Judge Shwartz and the Defendants are correct that the Final Pretrial Order summarizes and sets up the issues to be addressed at trial. Any attempts to circumvent such an Order should be rejected. The language of the Final Pretrial Order did make clear that all remaining pretrial motions, including evidentiary *in limine* motions had to be filed by August 22, 2005. Plainly read, this meant that such motions filed after that date would not be considered by the Court. However, in the time since Judge Shwartz signed the Final Pretrial Order this Court has uncovered extensive evidence of Defendants' failure to comply with their discovery obligations during the discovery period in this case.[1] As a result, it turns out that Plaintiffs made their decisions about whether to file *in limine* motions contesting Defendants' evidence, and which *in limine* motions to file, with incomplete information about the extent of the evidence at issue.

---

[1] This Court held a hearing under Fed. R. Civ. P. 37, and under this Court's inherent powers, in order to determine whether any sanctions should be imposed upon Defendants for their alleged abuse of the Court's processes and various discovery violations. During the course of the hearing, the Court learned that Defendants had failed to search and produce hundreds of e-mails that were called for in Plaintiffs' document requests and by Judge Shwartz's discovery orders. See Wachtel v. Guardian Life Ins. Co., 2006 WL 1286189 (D.N.J. May 8, 2006). The evidence presented at the Rule 37/Integrity hearing is also a separate and independent basis for reversing Judge Shwartz as to Plaintiffs' waiver of evidentiary arguments, as the facts revealed at the hearing were not fully known to Judge Shwartz when she ruled on these issues.

Thus, as to matters for which substantially complete discovery was produced by the Defendants, Plaintiffs shall be barred from filing any *in limine* motions on those topics. For all other matters, Plaintiffs shall be permitted to raise evidentiary objections at trial, as Defendants' late discovery and/or non-compliance with discovery orders made it impossible for Plaintiffs to raise those objections as motions *in limine.*

Furthermore, although she barred Plaintiffs from raising the *in limine* arguments at trial, Judge Shwartz also found that Plaintiffs could raise other evidentiary objections to exhibits or testimony at trial. Such a ruling will lead to logistical problems at trial such that every time Plaintiffs raise an evidentiary objection the Court will have to determine, before ruling on the objection, whether the objection is one that was encompassed in the Plaintiffs' eleven contemplated motions *in limine*, and thus barred, or whether it may be permitted as outside the scope of those proposed motions. Repeating this inquiry every time Plaintiffs' raise an objection, over the course of a lengthy trial, will only result in confusion and waste of time. Thus, whatever savings of time the contemplated *in limine* motions were designed to produce will effectively be undone.

**WHEREFORE** it is on this 29th day of August, 2006,

**ORDERED** that Plaintiffs' Appeal of Magistrate Judge Shwartz's September 26, 2005 Order is **GRANTED IN PART**.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.