UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENEE McCOY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC. and HEALTH NET OF NEW JERSEY, INC.,<br><br>Defendants. | Docket No. 03-CV-1801 (FSH) (PS) |
| ZEV and LINDA WACHTEL, individually and on behalf of their minor children, TORY JESSE and BRETT WACHTEL, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC. and HEALTH NET OF NEW JERSEY, INC.,<br><br>Defendants. | Docket No. 01-CV-4183 (FSH) (PS) |

## PLAINTIFFS' LIST OF ISSUES FOR THE DISCOVERY SPECIAL MASTER

SILLS CUMMIS EPSTEIN & GROSS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102-5400
973-643-7000

POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP
100 Park Avenue
New York, New York 10017-5516
212-661-1100

Counsel for Plaintiffs

## SPECIFIC DUTIES FOR THE DISCOVERY SPECIAL MASTER

In an effort to assist the Court and the discovery special master (Cathy Fleming, Esq.) appointed by the Court's December 6, 2006 Opinion and Order ("December 6th Order"), Plaintiffs submit the following listing of issues that the Court may wish to refer to Ms. Fleming. *See* Order dated January 3, 2007 (expressing Court's intention to issue Order detailing scope of Ms. Fleming's specific duties).

### Fact-Finding Regarding HN's Noncompliance with the May 5th Order

As the Court is aware from many prior filings by the parties, there is an ongoing dispute over whether HN has complied, or failed to comply with, the Court's May 5th Order. Plaintiffs contend that a substantial majority of the emails that should have been preserved were not, and no production was therefore made of many relevant emails from the May 5th Custodians. HN has admitted that some email tapes were destroyed, but has never provided details about how many and which tapes were destroyed, and why HN was unable (or perhaps unwilling) to prevent such destruction from occurring.[1] If this Court considers it appropriate, Ms. Fleming can ascertain which emails HN was unable to retrieve as required by the May 5th Order, why HN was unable to retrieve them, the individuals and processes responsible for the lack of preservation and destruction of emails, as well as the prejudice caused by HN's noncompliance with such Order.[2] Discovery Special Master Fleming may benefit from a physical inspection of the places where email backup tapes were maintained, as well as reviewing any inventories relating to them, as well as rules or protocols that should have been followed.

---

[1] HN's Responses to Plaintiffs' Questions About Emails dated June 23, 2006 acknowledged "gaps" in monthly backups, but has never provided further identification of the extent of the gaps, despite repeated representations that it would do so following the conclusion of its restoration process. Further, the Discovery Special Master should address the scope and extent of HN's failure to preserve evidence (despite numerous representations to the Court) and the consequences flowing from its failure to preserve.

[2] Plaintiffs have pointed out the dearth of emails (three) provided for CEO Jay Gellert (PHS GELLERT 8574995-5002), and the violation of the "rolling production" as two examples of obvious violation of the Order.

**Other Issues for the Discovery Special Master**

In essence, there are two overriding questions regarding the discovery abuse meticulously documented in the December 6th Order: who, why and how the initial discovery abuse was conceived, approved and implemented and who, why and how the cover-up and concealment from Plaintiffs, regulators and the Court was conceived, approved and implemented. These two questions pertain to HN's baseless motions in 2002 alleging compliance with the NJ Regulation and concealment of the December 27, 2002 Consent Order with NJDOBI (Dec 6th Order at 9-13); misrepresentations regarding the Second Restitution (id. at 13-17); HN's discovery violations and contemptuous disregard of discovery orders (18-33). Unanswered questions include the following:

Which individuals and processes at HN are responsible for HN's failure to timely apprise Magistrate Judge Shwartz about the existence of backup tapes; deletion and other critical issues relating to email storage?

Which individuals and processes at HN are responsible for HN's failure to tell its own outside counsel about the existence of back up tapes for storing email?

Which individuals and processes at HN are responsible for HN's failure to disseminate a comprehensive notice to employees reasonably anticipated to possess relevant documents, as well as other basic steps to ensure the production of relevant, responsive documents?

Which individuals and processes at HN are responsible for the lack of preservation in this litigation and in the MDL litigation on which HN sought to rely?

Which individuals and processes at HN are responsible for HN's failure to advise Plaintiffs, their own outside counsel and the Court regarding its backup system and failure to search for relevant evidence in such backup system throughout discovery?

## CONCLUSION

The Court is entitled to know for once and for all the answers to these (and related) questions, and the Discovery Special Master can assist in obtaining those answers, and conveying them to the Court. Plaintiffs respectfully submit that the foregoing issues be directed to Special Master Fleming for investigation and report to the Court.

2

Dated: January 16, 2007
      Newark, New Jersey

                              Respectfully Submitted,

                              SILLS CUMMIS EPSTEIN & GROSS P.C.
                              One Riverfront Plaza
                              Newark, NJ 07102
                              (973) 643-5899

                              _____
                              Barry M. Epstein

                              _____
                              Barbara Gail Quackenbos

                              **POMERANTZ HAUDEK BLOCK**
                               **GROSSMAN & GROSS LLP**
                              100 Park Avenue
                              New York, NY 10017-5516
                              (212) 661-1100

                              _____
                              D. Brian Hufford

                              **Co Lead Counsel**

                              **CUNEO GILBERT & LADUCA, L.L.P.**
                              507 C Street N.E.
                              Washington, DC 20002
                              (202) 789-3960

                              **THE ALPERT LAW FIRM, PA.**
                              5920 River Terrace
                              Tampa, FL  33601-3270
                              (813) 223-4131