**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ZEV AND LINDA WACHTEL, *et al.*, | Civ. Docket No.  01-4183 |
|  | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs |  |
| v. |  |
| HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC., and HEALTH NET OF NEW JERSEY, INC. |  |
| Defendants. |  |

|  |  |
|---|---|
| RENEE MCCOY, individually and on behalf of all others similarly situated, | Civ. Docket No.  03-1801 |
|  | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs |  |
|  | **ORDER APPOINTING SPECIAL MASTER** |
| v. |  |
| HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC., and HEALTH NET OF NEW JERSEY, INC. | Date: January 30, 2007 |
| Defendants. |  |

This matter having come before this Court upon the Court's December 6, 2006 Opinion and Order and the Court's January 3, 2007 Order; and

it appearing that the Court's December 6, 2006 Order ordered that "this Court will appoint a Special Master to monitor the completion of all discovery compliance; and Defendants shall pay the entirety of the Special Master's fees" pursuant to Fed. R. Civ. Pro. 53 because

1

"Defendants' actions have led to a serious disruption in this Court's functioning, and thus this Court finds that the need is clear for help in the form of a separate Special Master to monitor discovery compliance to ensure that all documents ordered to be produced have been produced and that all of the Court's discovery Orders have been complied with," *see* December 6, 2006 Opinion at 61; and

it appearing that Fed. R. Civ. Pro. 53(b)(3) states that "[t]he court may enter the order appointing a master only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. §455 and, if a ground for disqualification is disclosed, after the parties have consented with the court's approval to waive the disqualification;" and

it appearing that the Court's January 3, 2007 Order ordered that "this Court shall appoint Cathy Fleming, Esq. of Edwards Angell Palmer & Dodge as a Special Master to monitor the completion of all discovery compliance, pursuant to this Court's December 6, 2006 Opinion and Order, if there is no ground for Ms. Fleming's disqualification from the position under Fed. R. Civ. Pro. 53(b)(3);" and

it appearing that Ms. Fleming's January 9, 2007 affidavit states that she is not aware of any ground under 28 U.S.C. §455 that would disqualify her from being a Special Master in this matter and that, after searching her firm's conflict system, she has not found any conflict that would require disclosure to the parties and to the Court or would preclude her from serving as a Special Master;

**IT IS** on this 30th day of January, 2007,

**ORDERED**:

1. Cathy Fleming, Esq. is appointed under Rule 53 as a Special Master for the purpose of serving as a discovery monitor, as described below, and for such other matters the Court may refer to the Special Master. The Special Master shall be disqualified as a witness in any pending or subsequent litigation concerning the dispute that is the subject of this referral.

2. The Special Master shall have the rights, powers, and duties provided in Rule 53 and may adopt such procedures as are not inconsistent with that rule or with this or other Orders of the Court. The Special Master's responsibilities will include:

    - Ensuring that all Health Net entities have complied with the discovery orders identified in the Rule 37 Opinion and the Court's May 5, 2006 Opinion and Order. The Special Master shall give priority to ensuring compliance with the May 5, 2006 Opinion.[1] However, the preceding sentence does not limit in any manner the inquiries that may be made about compliance with any Orders entered by Magistrate Judge Shwartz or this Court, the documents that may be demanded, and the deadlines that may be set by the Special Master. When performing this duty, the Special Master may not modify any rulings entered by this Court or

---

[1] Among other items, the Special Master shall include in her final report which e-mails Health Net was unable to retrieve, if any; the reasons for such non-retrieval; and the individuals and processes responsible for the lack of preservation and/or destruction of e-mails. The Special Master may choose to physically inspect the locations where Defendants maintain e-mail backup tapes, to review any inventories relating to them, to examine any rules or protocols that should have been followed, and to call witnesses to discuss Health Net's compliance with this Order.

       Magistrate Judge Shwartz, and the Special Master may not entertain any objections by either party to any of the Orders by this Court or Magistrate Judge Shwartz.  The Special Master may not consider objections based on the parties' participation in the "meet and confer" process.[2]

3. The Special Master shall create a record of proceedings, take testimony or obtain submissions, and impose whatever procedures she deems appropriate.  No motions may be filed without permission of the Special Master and the Court.

4. The parties shall not engage in any *ex parte* discussions with the Special Master and the Special Master shall not engage in any *ex parte* discussions with any of the parties.

5. The parties shall file with the Clerk all papers filed for consideration by the Master.  The Special Master shall also file with the Clerk all reports or other communications with the undersigned.

6. No later **than March 30, 2007**, the Special Master shall report to the Court on all matters within her jurisdiction pursuant to Rule 53(f) as applicable in nonjury actions.  Unless directed by the Court or believed advisable by the Special Master, the report shall not be accompanied by a transcript of the proceedings, the evidence, or the exhibits.  Such parts of the report, if any, that may be privileged or protected by the work product rule shall be filed under seal pending further Order of the Court and a redacted version of the report shall be provided to the Plaintiffs and filed on the public docket.

---

[2] The Court rejected Defendants' arguments regarding the meet and confer process in its December 6, 2006 Opinion.  *See* December 6, 2006 Opinion at 53-54.  The Special Master may not consider the topics identified on pages 7-9 in Defendants' January 22, 2007 submission to this Court because the Court and Magistrate Judge Shwartz already rejected Defendants' arguments in its previous Opinions and Orders.

7. Any party seeking review of any ruling of the Special Master shall comply with the procedures and within the time limits specified in Fed. R. Civ. P. 53(g).

8. The Special Master shall be paid $540 per hour for work done pursuant to this Order and shall be reimbursed for all reasonable expenses incurred. The Special Master may employ firm attorneys at a rate of $150 to $440 per hour. The Special Master may employ firm legal assistants at a rate of $75 to $150 per hour. Such persons shall be under the supervision and control of the Special Master, who shall take appropriate action to ensure that such persons preserve the confidentiality of matters submitted to the Special Master for review. The Special Master shall bill Defendants on a monthly basis for fees and disbursements, and Defendants shall pay those bills within 14 days. These amounts shall be subject to taxation as costs at the conclusion of the case at the discretion of the Court.

9. The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this Order.

10. The Clerk shall mail a copy of this Order to the Special Master and to counsel for the parties; and it is

**ORDERED** that Plaintiffs' Motion to Grant Plaintiffs' List of Issues for the Discovery Special Master [*Wachtel* Docket No. 656; *McCoy* Docket No. 652] is **GRANTED IN PART**; and it is

**ORDERED** that if any party chooses to submit a response to this Order, all letter-briefs shall be less than 5 pages long and must be submitted **by February 6, 2007**. No responses shall be filed.

                /s/ Faith S. Hochberg
                Hon. Faith S. Hochberg, U.S.D.J.