**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZEV AND LINDA WACHTEL, *et al.*,<br><br>Plaintiffs<br><br>v.<br><br>HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC., and HEALTH NET OF NEW JERSEY, INC.<br><br>Defendants. | Civ. Docket No. 01-4183<br>Hon. Faith S. Hochberg, U.S.D.J. |
| RENEE MCCOY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC., and HEALTH NET OF NEW JERSEY, INC.<br><br>Defendants. | Civ. Docket No. 03-1801<br>Hon. Faith S. Hochberg, U.S.D.J.<br><br>**OPINION**<br><br>Date: April 10, 2007 |

## I. Introduction:

Defendants seek a stay of two orders pending resolution of a Petition for Mandamus before the United States Court of Appeals for the Third Circuit.[1] Specifically, Health Net seeks to stay compliance with two February 9, 2007 Orders, which ordered Defendants (1) to produce

[1] The Court decides this motion pursuant to Fed. R. Civ. P. 78.

certain Executive Management Team ("EMT") Minutes of Health Net Inc., Health Net of the North East, and Health Net of New Jersey ("EMT Minutes Order");[2] and (2) to produce certain out-of-network ("ONET") regulatory documents[3] of Health Net Inc. ("the ONET Regulatory Document Order").[4] These documents had been previously ordered to be produced numerous times by Magistrate Judge Shwartz; this production had been found to be incomplete.

Defendants' Mandamus Petition argues that the Orders "appear" to require Defendants to

---

[2] The EMT Minutes Order addressed Defendants' appeal from Magistrate Judge Shwartz's November 13, 2006 Report and Recommendation. This Court ordered Defendants to produce to Plaintiffs (1) "all minutes of the Executive Management Team for the period July 1, 1999 through June 30, 2003 for Health Net of New Jersey, Health Net of the North East, and Health Net, Inc." and (2) "all Executive Management Team minutes 'relating to any issues regarding negotiations with DOBI...the roll back, the restitution for the roll[back], and the knowledge of the fact that the outdated database was used going back to 1999,' from July 1, 1999 through October 18, 2005 for all Health Net entities." Only those documents that had not already been produced pursuant to earlier discovery orders were required to be produced.

[3] "ONET regulatory documents" is defined as those documents "that relate to any and all regulators' past or ongoing investigations of the Health Net entities handling of out-of-network activities, including but not limited to documents disclosed by the Health Net entities to the regulators, documents provided by the regulators to the Health Net entities, documents and information disseminated to beneficiaries as part of the investigation(s), market conduct examinations, calculation of reimbursement (if applicable), amounts of restitution paid to the beneficiaries (if applicable) and talking points." *See* ONET Regulatory Document Order at 4 and Magistrate Judge Shwartz's March 1, 2005 Order; February 16, 2005 Order; and September 12, 2006 Order.

[4] The ONET Regulatory Document Order addressed Defendants' appeal from Magistrate Judge Shwartz's November 15, 2006 Report and Recommendation. This Court ordered Defendants (1) to produce Mr. Franklin Tom, Health Net Inc.'s Vice President–Legal for a deposition as previously ordered in Magistrate Judge Shwartz's November 15, 2006 Order; January 3, 2007 Order; January 9, 2007 Order; and February 2, 2007 Order; (2) to produce ONET regulatory documents created before March 17, 2005 in Health Net, Inc.'s possession that had not already been produced pursuant to earlier orders; and (3) to produce to the Special Master for her review a certification from Mr. Tom identifying those ONET regulatory documents in Health Net, Inc.'s possession that have already been produced to Plaintiffs, by Bates stamp number and date of production.

restore and review "billions" of e-mails by thousands of employees without providing any basis for such a broad reading. The Orders do not impose any new discovery obligations on Defendants nor require Defendants to re-produce duplicates of documents they have already turned over to Plaintiffs. The Orders merely reiterate long-standing discovery orders—which Defendants have been under for years[5]—after Defendants admitted in the fall of 2006 that they had not satisfied previous discovery orders to produce EMT Minutes, and Magistrate Judge Shwartz found that Defendants also had not fully produced Health Net, Inc.'s ONET regulatory documents despite numerous Court orders.[6]

This Court now evaluates Defendants' likelihood of success on the merits of their Mandamus Petition. Defendants argue to the Third Circuit that these orders to produce documents are "so unprecedented and extreme as to constitute an error of law and a serious abuse of the District Court's discretion." This hyperbole appears to be yet another attempt by Defendants to avoid discovery obligations that they have been ordered to comply with for years.[7]

---

[5] As discussed below, Defendants have been under an obligation to produce EMT Minutes for Health Net of New Jersey, Health Net of the North East, and Health Net, Inc. since January 13, 2004. Defendants have been under an obligation to produce Health Net, Inc.'s ONET regulatory documents since March 1, 2005. *See* discussion *infra* Section II.A.2. and Section II.A.3.

[6] *See* Defendants' November 1, 2006 Letter to Magistrate Judge Shwartz stating that Defendants had only produced EMT minutes for Health Net of the North East and that "the defendants have not yet sought to gather all minutes from other executive committees for other Healthnet entities," despite a Court order mandating production. Plaintiffs' September 1, 2006 Letter also informed Magistrate Judge Shwartz that Defendants were not producing the required ONET regulatory documents in the possession of Health Net, Inc., despite repeated orders to do so. Magistrate Judge Shwartz thereafter issued Report and Recommendations, which led to this Court's February 9, 2007 EMT Minutes Order and ONET Regulatory Document Order.

[7] This Court has endeavored to understand Defendants' Mandamus Petition, which is replete with inaccuracies and irrelevancies. First, Defendants write that the Third Circuit

Significantly, Defendants did not raise the argument that the Court's orders required them to produce "billions of e-mails" when the documents were ordered to be produced years ago. There is nothing exceptional about these documents. When the Court discovered that Defendants had not complied with long-standing discovery obligations, the documents were again ordered to be produced in the EMT Minutes Order and ONET Regulatory Document Order. There was no requirement to produce duplicates.

Perhaps the most startling aspect of the Mandamus Petition is its assertion that Magistrate Judge Shwartz failed to comply with the Federal Rules of Civil Procedure. *See* Defendants'

---

"reversed the District Court's class certification order in a published opinion, *Wachtel v. Guardian Life Ins. Co. of America*, 453 F.3d 179 (3d Cir. 2006)" without noting that the Third Circuit remanded this Court's August 5, 2004 class certification order on the single issue to define the claims, issues, and defenses to be treated on a class basis. The Court of Appeals made clear that this Court's certification decision "easily meets the requirements of Rule 23(c)(1)(B) with respect to the definition of the class itself." *Wachtel*, 453 F. 3d at 188. On September 25, 2006, the class was again certified with the claims, issues, and defenses defined. The Third Circuit denied Defendants leave to appeal the renewed class certification order and denied a request for rehearing. *See* October 23, 2006 Order denying Health Net's Motion for Permission to Appeal (Docket No. 06-8054) and December 21, 2006 Order denying Health Net's Petition for a Panel Rehearing or Referral to the Court En Banc (Docket No. 06-8054).

Second, although this Court has under advisement possible sanctions against Attorneys Gouraige, DelBello, and Calvert, that has no connection whatsoever to the two February 9, 2007 Orders. No sanctions have yet issued against these attorneys; moreover, the recent hearing held was done at the specific request of Mr. Gouraige's counsel. Counsel had been heard on the papers by Magistrate Judge Shwartz and had objected that Mr. Gouraige should be given a full evidentiary hearing prior to the imposition of sanctions. This Court complied with counsel's request. At the hearing, Mr. Gouraige testified that other Health Net counsel were equally (or more) responsible for the actions at issue. While other counsel had advance notice, this Court thought it prudent to afford them the opportunity to add anything additional that they wished to add prior to any decision on whether or not to impose sanctions. *See In re Tutu Wells Contamination Litigation*, 120 F.3d 368 (3d Cir. 1997), *overruled on other gds. by Comuso v. Nat'l R.R. Passenger Corp*., 267 F.3d 331, 338-9 (3d Cir. 2001). The Mandamus Petition, apparently written by counsel who was not present at the aforementioned hearing, completely mischaracterized this issuance of formal notice and opportunity to submit further evidence. Moreover, the sanctions hearing is unrelated to the orders to produce the EMT Minutes and ONET Regulatory Documents.

Mandamus Petition at ¶18 and ¶35. In fact, the Magistrate Judge used the District of New Jersey's standard procedure for supervising discovery disputes pursuant to Local Civil Rule 37.1(a). Moreover, the Magistrate Judge ordered Defendants to produce those various minutes and regulatory documents numerous times; this is the only civil case on this Court's docket of hundreds of such cases where there has been a repeated, systematic refusal to comply with Magistrate Judge Shwartz's Orders. Finally, while the vast majority of Defendants' Mandamus Petition focuses on Magistrate Judge Shwartz's November 2006 Report and Recommendations, these orders do not govern Defendants' current discovery obligations, which were refined and limited by this Court's February 9, 2007 document production orders.

## II. Legal Standard:

The law governing a stay pending an appeal is applicable when Defendants seek a stay pending resolution of their Mandamus Petition. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Lincow*, 2007 WL 614103, *1 (E.D.Pa. February 22, 2007). When evaluating a motion for a stay pending an appeal, a court should consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).

**A. Defendants Have Not made a Strong Showing of Likelihood of Success on the Merits.**

1. Health Net's Complaint that the EMT Minutes Order and ONET Regulatory Document Order Require the "Retrieval, Search, and Review of Billions of E-mails" is Not Supported by Any Factual or Legal Statement in Defendants' Briefs or Mandamus Petition.

Both the EMT Minutes Order and the ONET Regulatory Document Order stress that "Defendants are not required to produce duplicates." Both Orders also state that Defendants do not have to re-produce documents to Plaintiffs that they have already turned over. Defendants' Mandamus Petition argues that "[t]he subject of the two Orders is the retrieval, search, and review of a truly extraordinary number of documents" and that "[c]ompliance with these Orders appears to require that Health Net restore and review a vast trove of backed-up e-mails and attachments—the equivalent of 14 billion pages—and do so by March 15, 2007." *See* Defendants' Mandamus Petition at ¶1 and ¶2. Defendants' arguments are inexplicable and unexplained. When this Court saw the assertion, it re-read all of the briefs filed by Health Net, searching for an explanation by counsel as to how its "broad" reading led counsel to make this extraordinary claim of burden. The claim of burden is made on purely conclusory terms, with utterly no explanation in the voluminous pages of briefing submitted.

Notably, Defendants never raised this argument when they were first ordered to produce these *exact* same documents years ago.[8] It is unclear how Defendants in good faith can suddenly argue that this Court is now ordering them to search "billions of pages" when they never raised

[8] *See* discussion *infra* Section II.A.2. and Section II.A.3. *See also* Magistrate Judge Shwartz's January 13, 2004 Order on EMT minutes; the Transcript of this Court's October 18, 2005 Hearing at 82 on EMT minutes; Magistrate Judge Shwartz's March 1, 2005 Order on ONET Regulatory Documents; and the parties' associated briefing.

this argument at the time they were initially subject to the same exact discovery obligations. The only factor that changed was the Court's realization that Health Net had never complied with the original orders to produce Health Net, Inc.'s ONET regulatory documents. Health Net claimed erroneously that Health Net, Inc. had no such documents, when it in fact did have them. Defendants likewise acknowledged that they had never fully produced the EMT minutes they had long been required to produce. The Court—as it has diligently tried to do for six years—simply required that the documents ordered to be produced are in fact produced. The Court is not asking Defendants to produce duplicates of documents nor to re-produce documents that have already been produced.

Health Net's brief on the February 9, 2007 Orders never explains *why* any reading of the Orders requires a search of "billions of e-mails." Defendants conflate the Court's May 5, 2006 Order to produce e-mails that had willfully been withheld and never searched (which was a topic of the 10-day Rule 37 evidentiary hearing) with the February 9, 2007 Orders, which contains no such ordering terms.[9] It is highly unlikely that Health Net, Inc., Health Net of New Jersey, and

---

[9] Health Net never informed the Court during the four year discovery period that they used an e-mail system that automatically sent e-mails to back-up disks every 90 days. Health Net concealed that no search of these tapes was ever made. Defendants had been under Court orders for years to produce certain relevant e-mails of its employees. During the preceding four years of litigation leading up to this Court's discovery of this practice at the end of the Rule 37 Hearing, Defendants never told the Magistrate Judge, this Court, or even their outside counsel this crucial fact and instead insisted that all e-mail was being searched. Therefore, Defendants never searched the relevant e-mails during discovery. Furthermore, any e-mails that an employee deleted within 30 days of receipt were lost permanently upon transfer to storage. Because litigation is nearly always a search for historic documents over 90 days old by the time they are demanded and ordered by a court to be produced, this undisclosed e-mail system effectively meant that no germane e-mails were searched and spoliation occurred. Yet, Health Net repeatedly told the Magistrate Judge that all relevant e-mails were being produced. *See generally* this Court's December 6, 2006 Opinion at 18-33. Because Defendants did not tell their counsel during discovery of the e-mail retention practices and did not candidly disclose these issues to the

Health Net of the North East do not have their EMT Minutes in a centralized location where they can easily be identified for production. Defendants' argument that the Court is imposing new discovery requirements is also without merit because, as discussed above, Defendants have been under an obligation for years to produce these documents. It is Health Net's non-compliance with earlier orders that evoked the order to be produced again in the instant Orders.[10]

2. The Order to Produce EMT Minutes Places No New Obligations on Health Net.

The EMT Minutes Order orders Defendants to produce documents which Defendants had been under an obligation to produce to Plaintiffs for years. Magistrate Judge Shwartz ordered on January 13, 2004—over three years ago—that Defendants must produce "all minutes of executive committee meetings for the period July 1, 1999 through June 30, 2003." Indeed,

---

Magistrate Judge, an appropriate order was not sought by Defendants' counsel nor could one be tailored to deal with any allocation of burden or to keep costs down. *See, e.g., Zubulake v. UBS Warbug LLC*, 217 F.R.D. 309 (S.D.N.Y. 2003). The Court's May 5, 2006 Order directed Defendants to restore e-mail back-up tapes, review e-mails, and produce e-mails of initially 59 individuals—a discovery obligation Defendants had been subject to for years.

[10] Defendants' Mandamus Petition further states that the February 9, 2007 Orders "entail a gross miscarriage of justice because the District Court has made it clear that compliance will result in further sanctions so severe as to impair the defense of the case on the merits." *See* Defendants' Mandamus Petition at ¶1. Neither Order imposes sanctions. The Court always expects compliance rather than sanctions. Indeed, the Court's ONET Regulatory Document Order states that "At this time, the Court will *not* order sanctions on Defendants in addition to those imposed in the Court's December 6, 2006 Opinion and Order for Defendants' non-compliance with Magistrate Judge Shwartz's March 1, 2005 Order, February 16, 2005 Order, and September 12, 2006 Order." The Court's EMT Minutes Order states that "Magistrate Judge Shwartz's November 13, 2006 [Report and Recommendation] recommended that this Court 'consider the Defendants' failure to produce this relevant, responsive and court-ordered discovery as part of the Integrity/Rule 37 proceeding and impose sanctions if Her Honor finds same is warranted.' At this time, the Court will *not* order additional sanctions on Defendants." The Sanctions imposed as a result of the systematic discovery abuses and lack of candor revealed in the Rule 37 Hearing are unrelated to the instant Orders. *See* December 6, 2006 Opinion at 37-61. That opinion details the futile efforts of Magistrate Judge Shwartz to effect discovery compliance from Health Net.

Defendants concede as much.[11] The February 9, 2007 EMT Minutes Order orders Defendants to produce the exact same documents—"all minutes of the Executive Management Team for the period July 1, 1999 through June 30, 2003 for Health Net of New Jersey, Health Net of the North East, and Health Net, Inc."[12] This repeat order was necessary because Health Net had failed to comply. The Order also made clear that duplicate production was *not* required.

Moreover, this Court had again ordered during the Rule 37 Hearing on October 18, 2005—almost a year and a half ago—that Defendants produce all Minutes "relating to any issues regarding negotiations with DOBI...the roll back, the restitution for the roll[back], and the knowledge of the fact that the outdated database was used going back to 1999," *see* Transcript of Proceedings, dated October 18, 2005 at 82. The instant EMT Minutes Order orders Defendants to produce the same documents because Health Net did not comply the first time. Again, Health Net's noncompliance made it necessary to reiterate the earlier orders to ensure compliance.

Finally, Defendants' argument that it does not know what constitutes "Executive Management Team minutes" is absurd. "Executive Management Team" is a term coined by Health Net itself. "EMT" is Health Net's own term. Surely it can understand its own corporate vocabulary.

---

[11] Defendants' December 26, 2006 briefing to this Court at pages 7-9 concedes that they have been obligated to produce the minutes of Health Net of New Jersey, Health Net of the North East, and Health Net, Inc. for years.

[12] The discussion on the EMT Minutes Order in Defendants' Mandamus Petition devotes all but 12 lines to complaining about Magistrate Judge Shwartz's November 13, 2006 and December 11, 2006 Orders. However, this Court's February 9, 2007 EMT Minutes Order narrowed Magistrate Judge Shwartz's Orders and thus this section of the petition is largely irrelevant. There is no complaint about this Court's February 9, 2007 Order. *See* Defendants' Mandamus Petition at 7-10.

3. The Order to Produce ONET Regulatory Documents Places No New Obligations on Health Net.

The ONET Regulatory Document Order similarly places no new obligations on Health Net. On March 1, 2005, Magistrate Judge Shwartz ordered that "the Health Net entities, regardless of geographic location, shall produce all documents that relate to any and all regulators' past or ongoing investigations of the Health Net entities handling of out-of-network activities, including but not limited to documents disclosed by the Health Net entities to the regulators, documents provided by the regulators to the Health Net entities, documents and information disseminated to beneficiaries as part of the investigation(s), market conduct examinations, calculation of reimbursement (if applicable), amounts of restitution paid to the beneficiaries (if applicable) and talking points, no later than March 17, 2005." This order was repeated in Magistrate Judge Shwartz's February 16, 2005 and September 12, 2006 Orders.

The instant ONET Regulatory Document Order requires Health Net to produce the very same documents to Plaintiffs for one simple reason: Noncompliance. For years, Health Net had insisted that Health Net, Inc. had no such ONET regulatory documents, and this assertion was untrue. Magistrate Judge Shwartz therefore reissued her order, leading to the instant ONET Regulatory Document Order.[13] The current Order also requires Defendants to produce a deponent to confirm compliance; the tortuous history of Health Net's discovery abuses necessitated this directive. *See* December 6, 2006 Opinion and Order at 4, 18-33.

[13] Defendants devote virtually all of the section of their Mandamus Petition discussing the ONET Regulatory Document Order to objections to Magistrate Judge Shwartz's November 15, 2006 and December 11, 2006 Orders. Defendants only devote eleven lines to this Court's February 9, 2007 ONET Regulatory Document Order, and this section does not object to the February 9, 2007 Order. *See* Defendants' Mandamus Petition at 5-7.

**B. Defendants' Contention that Magistrate Judge Shwartz Did Not Perform a Burden/Benefit Balancing is Utterly Lacking in Merit.**

Health Net's assertion in the Mandamus Petition that "the required balance of burden and benefit was never struck in this case," *see* Mandamus Petition at ¶35, is simply shocking given the actual record in this case of unabated discovery abuses and lack of candor. Magistrate Judge Shwartz has spent four years, literally hundreds of hours, and many hundreds of transcript pages hearing each and every argument that Health Net wished to press about the burden of discovery. She would then rule. The Magistrate Judge had to deal with scores of motions on the same issues because of Health Net's non-compliance.[14] *See generally* this Court's December 6, 2006 Opinion at 18-33.

This Court and the Magistrate Judge have issued over one hundred and seventy (170) Opinions and Orders in this case, the vast majority of which have dealt with discovery and appeals of the Magistrate Judge's discovery rulings. The parties' briefs and other submissions giving rise to these Opinions and Orders exceed four hundred (400) in number, and the docket sheet alone is over 95 pages long. Unfortunately, many of the Orders and Opinions were necessary because Health Net ignored a prior Court Order on the same exact issue. This Court even took the unusual step of convening a Rule 37 Integrity Hearing based on Health Net's

[14] Unbeknownst to Magistrate Judge Shwartz, Health Net would often ignore the rulings because they believed the Court had not sufficiently "heard" the claim of burden. In a nutshell, Health Net unilaterally arrogated to itself a self-claimed right that if the Magistrate Judge did not expressly use the word "burdensome" in her rulings, Health Net could continue to withhold documents. Defendants *never* told the Magistrate Judge that it was not complying with her discovery orders in this fashion—it just withheld documents. Defendants continue to make this absurd argument today. *See* James DelBello testimony in February 21, 2007 Sanctions Hearing Transcript. The Magistrate Judge heard scores of oral arguments and entered orders on all discovery disputes upon consideration of all objections raised to her on all grounds, including burden.

systematic discovery abuses. Health Net cannot properly make any argument about balancing burden and benefit without submitting an Appendix of the hundreds of hearings transcripts held by Magistrate Judge Shwartz, where she patiently listened to any and all arguments Health Net counsel raised. Health Net's self-granted burdensomeness objection has caused the Magistrate Judge to have to issue order after order to produce the same documents. The February 9, 2007 Orders *do not impose* any additional discovery obligations on Defendants and instead order Defendants to produce documents that they have been under obligation to produce for years.

**C. Defendants Have Not Met the Additional Requirements for a Stay.**

Defendants will not be irreparably injured absent a stay. Health Net has not presented any evidence of irreparable injury from complying with the Court's Orders to produce the requested documents. On the other hand, issuance of the stay will substantially injure Plaintiffs in this case because they have been denied documents they have been entitled to for years. *See* December 6, 2006 Opinion at 18-33.[15] Moreover, the public interest lies in ensuring that Defendants immediately produce documents to Plaintiffs that Plaintiffs have been entitled to for years. *See,*

---

[15] The Court's December 6, 2006 Opinion specifically noted that "Defendants have harmed the Plaintiffs in this case by: (1) deliberately failing to timely search and produce responsive documents and thereby causing Plaintiffs to take scores of depositions and prepare their lay and expert witnesses for trial without the discovery that they had properly sought; (2) willfully concealing that no effective search was ever conducted for electronic documents; (3) deliberately causing Plaintiffs to conduct depositions hindered by an incomplete set of each deponents' documents, and causing Plaintiffs to prepare their case, including the summary judgment motions, without full discovery; (4) forcing Plaintiffs to seek Court intervention over and over again, wasting a huge amount of time and money in order to secure responses to their discovery requests when good faith compliance with the Federal Rules of Civil Procedure would have made such continuous costly intervention unnecessary; (5) employing a strategy of delay that has cost Plaintiffs inordinate amounts of time and money and has deprived them of the testimony of witnesses whose memories have faded in the years since this litigation began; and (6) concealing Defendants' non-compliance with discovery orders from the Plaintiffs by systematically ignoring adverse rulings." *See* Opinion at 38.

*e.g.*, December 6, 2006 Opinion at 61-62 (noting the prejudice Plaintiffs have suffered because of Defendants' discovery tactics and Defendants' disrespect and abuse of this Court's procedures).

**III. Conclusion:**

In sum, the dire hyperbole of Health Net's Mandamus Petition caused this Court to re-read all of Health Net's briefs to this Court related to the EMT Minutes and ONET Regulatory Document Orders. Despite the repeated claim that the document production orders require "billions" of e-mails of "thousands" of employees to be searched, the briefs do not contain any support for such a reading. The February 9, 2007 EMT Minutes Order and ONET Regulatory Document Order ordered the production of ordinary corporate minutes, customarily kept in the regular course of the EMT meetings, and documents delivered to regulators on the single topic of out-of-network reimbursements. These Orders were further tailored by this Court to omit searches for duplicates and further reduced in scope to narrow the time frame. Most significantly, they are nothing more than a repeat of the same orders issued years ago by the Magistrate Judge, who felt a need to re-issue them due to lack of compliance by Health Net. It is well past time to comply.

For the reasons set forth in this Opinion, Defendants' March 15, 2007 Motion to Stay the February 9, 2007 Orders Pending Resolution of the Petition for Mandamus is **DENIED**. An appropriate Order will issue.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.