# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RENEE McCOY, individually and on behalf of all others similarly situated, | : | Docket No. 03-CV-1801 (FSH) (PS) |
| Plaintiff, | : | |
| -against- | : | |
| HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC. and HEALTH NET OF NEW JERSEY, INC., | : | |
| Defendants. | : | |
| ZEV and LINDA WACHTEL, individually and on behalf of their minor children, TORY, BRETT AND JESSE WACHTEL, and on behalf of all others similarly situated, | : | Docket No. 01-CV-4183 (FSH) (PS) |
| Plaintiffs, | : | |
| -against- | : | |
| HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC. and HEALTH NET OF NEW JERSEY, INC., | : | |
| Defendants | : | |
| STEWART SCHARFMAN, individually and as executor of the estate of his son, Spenser Scharfman, ZEV and LINDA WACHTEL, individually and on behalf of their children, Tory, Jesse and Brett Wachtel, RENEE MCCOY, individually and on behalf of all others similar situated, | : | Civ. Docket No. 2:05-cv-0301<br>Hon. Faith S. Hochberg, U.S.D.J.<br>July 25, 2008 |
| Plaintiffs, | : | **FINAL ORDER** |
| v. | : | |
| HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC., HEALTH NET OF NEW YORK, INC. and HEALTH NET LIFE INSURANCE CO., INC., | : | |
| Defendants. | : | |

1

## FINAL ORDER AND JUDGMENT APPROVING
## PROPOSED SETTLEMENT AND DISMISSING ACTIONS

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement dated March 13, 2008, it is hereby ORDERED, ADJUDGED and DECREED:

1. This Final Order and Judgment incorporates by reference the definitions in the Settlement Agreement among the parties to these actions on file with this Court, and all capitalized terms used herein that appear in the Settlement Agreement shall have the meanings set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of these Actions, Representative Plaintiffs, Defendants, and the Class Members.

3. The Notice of Proposed Settlement with Health Net, the Final Settlement Hearing, and Your Rights Concerning the Proposed Settlement (in the form presented to this Court as Exhibit 2 to the Settlement Agreement) (the "Notice"), and the publication of the Summary Notice ("Summary Notice") were directed to the members of the proposed Classes in accordance with the Preliminarily Approval Order, dated April 24, 2008, and (a) constituted the best notice practicable under the circumstances and (b) were reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Actions, the Settlement Agreement, and the release of rights contained in the Settlement Agreement.  Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice and Summary Notice provided members of the Classes due and adequate notice of the Settlement, the Settlement Agreement and these proceedings and the rights of members of the Classes to exclude themselves from or to object to the Settlement.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects fair, reasonable and adequate to the Class Members. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, the terms of which are incorporated by reference into this Final Order and Judgment.

5. By Order dated September 25, 2006, the Court certified the following two classes:

**A.** All persons in the United States who are, or were, from April 1, 1997 to August 31, 2004 subscribers or beneficiaries in any large or small employer plan, other than in a New Jersey small employer plan, who received medical services or supplies (including, *inter alia*, surgery, anesthesia, and the like) from an out-of-network provider and for whom Defendants made reimbursement determinations less than the providers' actual charge (the *McCoy* Class"); and

**B.** All persons in the United States who are, or were, from July 1, 1995 to August 31, 2004 subscribers or beneficiaries of any New Jersey small employer plan, who received medical services from an out-of-network provider and for whom Defendants made reimbursement determinations less than the providers' actual charge (the "*Wachtel* Class").

6. In light of Settlement Agreement, the Court certifies the following two settlement classes:

**A.** All persons in the United States who are, or were, from September 1, 2004 through July 31, 2007, members in any large or small employer plan insured by Health Net, and subject to ERISA, who received medical services or supplies (including, *inter alia*, surgery, anesthesia, and the like) from an Out-of-Network Provider and received reimbursement of less than the provider's billed charge (the *Scharfman* ERISA Class"); and

**B.** All persons in the United States who are, or were, from September 1, 2004 through July 31, 2007, members in any large or small employer plan, or any individual and family plan, insured by Health Net, who received medical services or supplies (including, *inter alia*, surgery, anesthesia, and the like) from an Out-of-Network Provider and received reimbursement of less than the provider's billed charge that was determined by Health Net, Guardian or a third party vendor applying Health Net's out-of-network claims practices, including the use of Ingenix data (the "*Scharfman* RICO Class") (the *Scharfman* ERISA and RICO classes are collectively referred to as the "Proposed *Scharfman* Classes").

7. The Court finds that the *Scharfman* ERISA Class and the *Scharfman* RICO Class meet all the requirements of Fed. R. Civ. P. 23(a) and (b)(3).

3

8. The Court approves Plaintiffs, Renee McCoy, Zev and Linda Wachtel and Stewart Scharfman as class representatives for the *Scharfman* ERISA Class and the *Scharfman* RICO Class (the "Class Representatives").

9. The Court finds that Class Counsel Wilentz Goldman & Spitzer, P.A. and Pomerantz Haudek Block Grossman & Gross LLP ("Class Counsel") have fairly and adequately represented the interests of the Classes and satisfied the requirements of Fed. R. Civ. P. 23(g) and, to the extent necessary, appoints or reappoints Class Counsel in all Actions.

10. For a period of four (4) years following the date of this Final Judgment and Order, the Clerk of this Court shall maintain the record of those members of the Class who have timely excluded themselves from the Class, and a certified copy of such records shall be provided to Defendants.

11. The following actions are hereby dismissed with prejudice, as provided in the Settlement Agreement, and without costs, except as provided for herein and in the Settlement Agreement:

> ***Renee McCoy, et al. v. Health Net, Inc., et al.***
> Docket No. 03-CV-1801 (FSH)(PS)
>
> ***Zev and Linda Wachtel, et al. v. Health Net, Inc., et al.***
> Docket No. 01-CV-4183 (FSH)(PS)
>
> ***Stewart Scharfman, et al. v. Health Net, Inc., et al.***
> Docket No.: 05-CV-301 (FSH)(PS)

12. Each of the foregoing dismissals shall become effective upon the date of entry of this Final Order and Judgment.

13. Upon the Settlement becoming final in accordance with Section 18.4 of the Settlement Agreement, the Released Parties as defined in the Settlement Agreement are and shall be unconditionally, fully and finally released and forever discharged from all Released Claims against each Released Person, whether or not such Releasing Party seeks or receives payment

under the Settlement Agreement. The Releasing Parties agree not to assert, institute, prosecute or assign claims or demands that in any way concern, relate to, arise from, are similar to, or based on, the factual allegations and/or causes of action that were or could have been alleged in the actions.

14. Each Class Member may hereafter discover facts other than or different from those which he or she knows or believes to be true with respect to the Released Claims which are the subject matter of Paragraph 13 of this Order, but each Class Member expressly waives and fully, finally and forever settles and releases and discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

15. Upon consideration of Class Counsel's petition for fees, costs and expenses, on behalf of all counsel for the Class, Wilentz, Goldman & Spitzer ("Wilentz") and Pomerantz Haudek Block Grossman & Gross LLP ("Pomerantz") as Class Counsel are hereby awarded attorneys' fees totaling $ 69,720,000[1] and costs and expenses totaling $ 1,725,337.06, together with a proportionate share of the interest thereon from the date the funds were deposited in the Settlement Account until payment of such attorneys' fees, costs and expenses, at the rate earned by the Settlement Account, to be paid solely from the Cash Settlement Fund in accordance of Section 17 of the Settlement Agreement. Upon consideration of Class Counsel's petition for incentive payments for Representative Plaintiffs in these actions, each Representative Plaintiff is hereby awarded an incentive award in the amount of $ 60,000, to be paid solely from the Cash

---

[1] The Court inadvertently stated a lower amount on the record at the final fairness hearing on July 24, 2008. The fee award granted in this order is the correct amount. The record of the final fairness hearing shall be corrected to reflect the corrected amount.

Settlement Fund and only if and after the Settlement becomes final in accordance of Section 18.4 of the Settlement Agreement. Wilentz and Pomerantz shall allocate and distribute such attorneys' fees, costs and expenses among the various Class Counsel that have participated in this litigation. Wilentz and Pomerantz shall distribute such incentive awards among the various Representative Plaintiffs that have participated in this litigation. The Released Parties (as defined in Section 2 of the Settlement Agreement) shall have no responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, expenses, costs or incentive awards, any allocation of attorneys' fees, expenses, costs or incentive awards among Class Counsel and/or Representative Plaintiffs, nor with respect to any allocation of attorneys' fees, expenses, costs or incentive awards to any other person or entity who may assert any claim thereto. The attorneys' fees, costs and expenses authorized and approved by this Final Order and Judgment shall be paid within five (5) business days after entry of this Final Order and Judgment pursuant to Section 17 of the Settlement Agreement. The attorneys' fees, costs and expenses, and incentive award authorized and approved by this Final Order and Judgment shall constitute full and final satisfaction of any and all claims that Representative Plaintiffs and any Class member, and their respective counsel, may have or assert for reimbursement of fees, costs and expenses, and incentive awards, and Representative Plaintiffs and the Class Members, and their respective counsel, shall not seek or demand payment of any fees and/or costs and/or expenses and/or incentive awards from any source other than the Cash Settlement Fund.

16. In its Order dated December 6, 2006, the Court ruled that Health Net forfeited its right to assert claims of attorney-client privilege or work product immunity *vis a vis* plaintiffs in the *Wachtel* and *McCoy* actions as to certain documents sought in discovery, by reason of its failure to provide privilege logs reflecting such claims in a timely fashion.[2] Apart from the

---

[2] Although an appeal has been taken as to that ruling, it is anticipated that pursuant to the parties' settlement of their disputes, that appeal will be dismissed.

documents covered by that order, plaintiffs have challenged Health Net's claims of privilege and work product immunity as to other documents on various grounds, including the "crime-fraud" exception to the attorney-client privilege. As a result of such challenges, persons appointed by the Court to assist in resolving these matters have in the course of performing their duties come into possession of documents as to which Health Net claims attorney-client privilege or work product immunity.

The Court reiterates that its December 6, 2006 ruling as to forfeiture of the right to assert privilege or work product claims in the *Wachtel* and *McCoy* cases, as well as other rulings, reports or recommendations in these actions regarding claims of privilege or work product immunity, including the Court's Order of May 5, 2006, are limited to the actions in which they were entered and are not intended by the Court to have any effect or use outside of these Actions. The Settlement is intended to terminate these Actions. Therefore, insofar as persons appointed by the Court to assist in these actions possess documents produced by Health Net, including documents subject to claims of attorney-client privilege or attorney work product immunity, Health Net may reclaim such documents within thirty (30) days of the Effective Date as defined in the Settlement Agreement. If not reclaimed within this period, such documents shall be destroyed.[3] The Court further notes that pursuant to Paragraph 19 of the Settlement Agreement, which the Court is approving in this Final Order and Judgment, the Parties have agreed, within thirty (30) days of the Effective Date, to destroy or to return to the producing party all documents produced in the Litigation.

17. The Plan of Allocation set forth in the Notice is hereby approved as fair, reasonable, and equitable.

---

[3] Health Net shall provide a copy of this Order to all persons it believes may possess such documents. Nothing herein is directed to the Clerk of the Court or to documents contained in the docket in these matters.

7

18. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Final Order and Judgment.

19. The Court finds that this Final Order and Judgment adjudicates all of the claims, rights and liabilities of the Parties to the Settlement. The Court does not intend to enter further orders that might be subject to review with respect to, *inter alia*, sanctions, fines or penalties whether requested by the parties or otherwise, and the Final Order and Judgment is intended to be final and immediately appealable. Neither this Final Order and Judgment nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence of admission of liability by Defendants or any other Released Party, nor shall either the Settlement Agreement or this Final Order and Judgment or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement or the terms of this Final Order and Judgment, or if offered by any Released Party in, *inter alia*, responding to any action purporting to assert Released Claims.

20. An opinion setting forth the Court's reasoning shall follow, at which time these cases shall be closed.

21. This order disposes of the following motions:

| | | |
|---|---|---|
| <u>Wachtel</u>, 01-4183: | Motion for Settlement | DKT# 856 |
| | Motion for Attorney Fees | DKT# 853 |
| | Motion to Amend | DKT# 857 |
| <u>McCoy</u>, 03-1801: | Motion for Settlement | DKT# 854 |
| | Motion for Attorney Fees | DKT# 855 |
| | Motion to Amend | DKT# 859 |
| <u>Scharfman</u>, 05-0301: | Motion for Settlement | DKT# 95 |
| | Motion for Attorney Fees | DKT# 94 |
| | Motion to Amend | DKT# 98 |

**IT IS SO ORDERED**

Dated:   July 24, 2008   /s/ Faith S. Hochberg
**HON. FAITH S. HOCHBERG, U.S.D.J.**
U.S. District Court for the District of New Jersey