<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WACHTEL, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>HEALTH NET, INC., et al.,<br><br>    Defendants. | CIVIL ACTION No. 01-4183 (FSH) |
| McCOY, et al.,<br>    Plaintiffs,<br><br>  v.<br><br>HEALTH NET, INC., et al.,<br><br>    Defendants. | CIVIL ACTION No. 03-1801 (FSH) |
| SCHARFMAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>HEALTH NET, INC., et al.,<br><br>    Defendants. | CIVIL ACTION No. 05-0301 (FSH)<br><br><u>**ORDER APPOINTING**</u><br><u>**SPECIAL MASTER**</u><br><br>Date: August 13, 2013 |

  This matter having come before this Court upon the Parties' Motion to Approve the Amendment to the Settlement and the Court having held a hearing on May 29, 2013;

this Court, having concluded that there is additional critical information needed with respect to the administration of the settlement in this matter and that there is a clear need for the appointment of a Special Master to conduct in a prompt manner the time-consuming collection and analysis of documents and information relating to the administration of the settlement;

the Court having ordered on May 30, 2013 that the parties show cause why the case should not be sent to a Special Master for the following purposes:

    a. to conduct factual inquiry into the reasons for the length of time that elapsed between the Final Order and Opinion approving the Settlement in 2008 and the submission of the Motion to Amend the Settlement in 2012, including the reasons for the disputes, the merits of the disputes, and whether they could have been resolved in a more expeditious manner;

    b. to conduct a factual inquiry into why no partial distributions were made from the Settlement Fund until after the hearing on May 29, 2013;

    c. to conduct a factual inquiry into Health Net's rejections of claims against the Prove-Up Fund, including a statistical sampling of the rejections, to determine whether they were legitimate and made in good faith;

    d. to issue a recommendation as to whether Class Counsel should be replaced or ordered to repay any or all of the counsel fees it received based on the amount of the original Settlement and any diminution to date;

    e. to issue a recommendation as to whether sanctions should issue or any other disciplinary actions taken against either side, either Health Net or Class Counsel, on any grounds within the authority of this Court;

the Court having requested the parties' response to the order to show cause and their recommendation for candidates for Special Master in its May 30, 2013 order and having received the parties' consent to the appointment of a Special Master and their recommendation of Paul H. Zoubek, Esq. on June 5, 2013;

Mr. Zoubek having submitted a letter to the parties' counsel on July 31, 2013, which disclosed various information and which requested that the parties advise the Court whether they

2

waived any claim that the disclosed information disqualified him from serving as Special Master in this matter;

the parties having waived on August 6, 2013 any possible disqualification issues under Fed. R. Civ. Proc. 53 and 28 U.S.C. §455 based upon Mr. Zoubek's disclosures;

Mr. Zoubek having filed the Affidavit required under Fed. R. Civ. Proc. 53 (b)(3) on August 9, 2013:

**IT IS** on this 13th day of August, 2013,

**ORDERED:**

1. Paul H. Zoubek, Esq. is appointed under Rule 53 as a Special Master for the purposes as described in the Court's Order of May 30, 2013 and set forth above in full, and for such other matters as the Court may refer to the Special Master upon notice to the parties.

2. The Special Master shall have the rights, powers, and duties provided in Fed. R. Civ. Proc. 53 and may adopt such procedures as are not inconsistent with that rule or with this or other Orders of the Court.

3. The Special Master may engage in *ex parte* communications with the parties, to the extent that such communications are consistent with the investigative nature of the Special Master's assignment. The Special Master may also communicate *ex parte* with the Court at his discretion.

4. The Special Master shall create a record of proceedings, as necessary and consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

5. The Special Master shall preserve all written communications and documents provided to him by the parties or their agents and all transcripts of proceedings and other material relied upon by him in making findings and formulating his recommendations to the Court.

6. The Special Master shall proceed with all reasonable diligence to complete the tasks assigned by this Order. No later than September 6, 2013, the Special Master shall meet with counsel for the parties regarding the process and procedures the Special Master will establish for expediting the completion of the tasks required under this order.

7. The Special Master shall file a report and recommendations setting forth in full any decision that he reaches together with the basis for that decision in accordance with Fed. R. Civ. Proc. 53(e).

8. The Special Master shall be disqualified as a witness in any pending or subsequent litigation concerning the dispute that is the subject of this referral.

9. The Special Master shall be paid for his time at his customary hourly billing rate for work performed under this Order and shall be reimbursed for all reasonable expenses incurred. The Special Master may employ firm attorneys and firm legal assistants at their customary hourly rate. The Special Master may employ such other personnel with expertise needed to conduct the inquiry requested by this Order. Such persons shall be under the supervision and control of the Special Master, who shall take appropriate action to ensure that such persons preserve the confidentiality of matters submitted to the Special Master for review. The Special Master shall bill the parties on a monthly basis for fees and disbursements and

those bills shall be paid within 30 days. Plaintiffs' share shall be paid by plaintiffs' counsel, not out of funds set aside for payment to class members. The charges of the Special Master initially shall be split equally between the plaintiffs and defendant. The Court shall retain the right to shift all or part of the charges to one party or the other after submission of the Special Master's Report.

10. The Court retains the right to modify this order as deemed appropriate.

_____
Hon. Faith S. Hochberg, U.S.D.J.