UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WACHTEL, et al., | : | |
|           Plaintiffs, | : | CIVIL ACTION No. 01-4183 (FSH) |
|      v. | : | |
| HEALTH NET, INC., et al. | : | |
|           Defendants. | : | |
| McCOY, et al., | : | |
|           Plaintiffs, | : | CIVIL ACTION No. 03-1801 (FSH) |
|      v. | : | |
| HEALTH NET, INC., et al. | : | |
|           Defendants. | : | |
| SCHARFMAN, et al., | : | |
|           Plaintiffs, | : | CIVIL ACTION No. 05-0301 (FSH) |
|      v. | : | |
| HEALTH NET, INC., et al. | : | |
|           Defendants. | : | |

**ORDER APPOINTING EXPERT EISNERAMPER LLP
TO ASSIST SPECIAL MASTER**

**WHEREAS**, the Court's Order dated August 13, 2013 appointed Paul H. Zoubek, Esq. as Special Master in this matter under Fed. R. Civ. P. 53;

**WHEREAS**, the Court's August 13, 2013 Order requires, among other things, that the Special Master "conduct a factual inquiry into Health Net's rejections of claims against the Prove-Up Fund, including a statistical sampling of the rejections, to determine whether they were legitimate and made in good faith;"

**WHEREAS**, the August 13, 2013 Order provided that the Special Master shall have the rights, powers, and duties provided in Fed. R. Civ. P. 53 and may adopt such procedures as are not inconsistent with that rule;

**WHEREAS**, the Court's August 13, 2013 Order permits the Special Master to employ experts to assist in conducting his assignment, specifically "personnel with expertise needed to conduct the inquiry requested by this order;"

**WHEREAS**, pursuant to that authority, the Special Master has selected and retained the accounting firm of EisnerAmper LLP to assist him in designing and conducting statistical sampling of, and reviewing, the claims determinations made by Health Net and Rust Consulting in connection with the administration of the Prove-Up Fund;

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. EisnerAmper and its personnel are hereby appointed as an agent and adjunct of the Court to assist the Special Master in his assignment under the Order of August 13, 2013.

2. EisnerAmper shall be disqualified as a witness, and may not be compelled to testify, or produce documents, in any subsequent litigation concerning the dispute that is the subject of the referral to the Special Master unless ordered to do so by the Court.

3. EisnerAmper shall be paid for their time and expenses in connection with this assignment. EisnerAmper shall send to the Special Master their bills for fees and expenses on a monthly basis and the Special Master shall transmit those invoices to the parties for payment. Those fees shall be paid within 30 days of receipt by the parties. The charges of EisnerAmper shall be initially split equally between the plaintiffs and defendant. Plaintiffs' share shall be paid by plaintiffs' counsel, not out of funds set aside for class members. The Court shall retain the right to shift all or part of the charges to one party or the other after the submission of the Special Master's Report.

4. The Court retains the right to modify this Order as it deems appropriate.

**SO ORDERED.**

December 19, 2013

_____
Hon. Faith S. Hochberg
United States District Judge